**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Safron Huot, | ) |
| | ) |
| Plaintiff, | )   **ORDER** |
| | ) |
| vs. | ) |
| | ) |
| Montana State Department fo Child and | ) |
| Family Services, et. al., | )   Case No.  1:17-cv-140 |
| | ) |
| Defendants. | ) |

Plaintiff Safron Huot ("Huot") initiated the above-entitled action *pro se* on July 10, 2017, with the submission of an application to proceed *in forma pauperis,* which the court granted, and a complaint. On July 18, 2017, she filed: (1) a "Motion for Appointed Counsel;" and (2) a "Motion to Set Aside Adoption & Reinstate Full Parental Rights." On July 27, 2017, she filed notice of her consent to the undersigned's exercise of jurisdiction over this matter. (Docket No. 6). For the reasons set forth below, Huot's motions are deemed moot and the above-entitled action is dismissed without prejudice.

**I.     BACKGROUND**

Huot, a resident of Anaconda, Montana. In her complaint she challenges the validity of a judicial proceeding held in Montana in 2012 that culminated in the termination of her parental rights. She seeks damages from the Montana State Department of Child and Family Services, the Montana Supreme Court, the Deer Lodge County District Court of Montana, and Judge Ray Dayton, as well as attorneys, guardians ad litem, psychologists, family members, and other individuals involved in that proceeding. She also asks this court to grant her full custody of her children.

## II.     STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996); see also Fed. R. Civ. P. 8(a)(2) (requiring that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (directing that *pro se* complaints be liberally construed but with the caveat that courts "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## III.    DISCUSSION

Counting the above-entitled action, Huot now filed same complaint in at least three judicial districts. In addition to North Dakota, she has filed a complaint asserting the same claims and seeking same relief in the Eastern District of Kentucky and the District of Oregon. See Huot v. MT State Dep't of Child & Family Svs., No. No. 5:17-cv-298, 2017 WL 3103793 (E.D. Ky. July 21, 2017); Huot v. MT State Dep't of Child & Family Svs., No. 3:16-cv-01767, 2016 WL 4770040 (D.

Or. Sept. 13, 2016)[1] The district court in Oregon dismissed her complaint, opining:

> The existence of federal subject matter jurisdiction must be apparent on the face of the complaint. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). Although Huot does not cite the statute, she may have intended a claim under 42 U.S.C. § 1983, which allows an individual to bring an action if she (1) was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here,"a parent ha[s] a constitutionally protected right to the care and custody of h[er] children and [she cannot] be summarily deprived of that custody without notice and a hearing, except where the children were in imminent danger." Ram v. Rubin, 118 F.3d 1306, 1310 (9 th Cir. 1997); Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir. 1991) (state may remove children subject to immediate or apparent danger or harm). Additionally, termination proceedings must comport with due process. Santosky v. Kramer, 455 U.S. 745, 770 (1982). However, Huot alleges that her children were removed on the basis of an emergency and that she appeared at several hearings where her interests were discussed. Compl. Claims I, V, IX. Since the ground for this court's subject matter jurisdiction is not apparent on the face of the complaint, Huot's case must be dismissed without prejudice.
>
> Normally, I would allow Huot to amend her complaint to clarify her claim, but there are many other problems with her pleading. I note, for example, that the statute of limitations has run on her claims. Since 42 U.S.C. § 1983 contains no statute of limitations, courts look to the law of the state where the injury occurred to determine the applicable statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Montana, the statute of limitations begins to run three years after the action accrues. Mont. Code. Ann. § 27–2–204(1). Huot filed her complaint on September 6, 2016; therefore, all incidents occurring prior to September 6, 2013 are barred by the applicable statute of limitations. Huot alleges her children were removed on January 28, 2011, a final hearing took place on September 5, 2012, and that false reports were written in 2011 and 2012. These incidents occurred between four and five years ago.
>
> While Huot appears to have appealed these early decisions–alleging various court proceedings in 2014, 2015, and finally that the Supreme Court made a decision on her third appeal on August 16, 2016–the statute began to run once Huot knew or had reason to know of the injury that is basis of her action. Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012).2
>
> Additionally, a district court may dismiss a complaint sua sponte for improper venue when there has been no appearance by the defendant. Costlow v. Weeks, 790 F.2d 1486, 1487–88 (9th Cir. 1986). Under the general venue statute, venue is proper: (1) in a "judicial district in which any defendant resides, if all

---

[1] The heading on Huot's complaint reads as follows: "United States District Court(s) for the District of Columbia and all 50 States."

defendants are residents of the State in which the district is located"; (2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) otherwise, "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, all of the defendants are Montana entities and all of the events giving rise to Huot's claims occurred in Montana. Accordingly, venue is not proper here in the District of Oregon. For the reasons set forth above, transfer is not required in the interest of justice. 28 U.S.C. § 1406(a) (district court shall dismiss case filed in wrong division or district or, "if it be in the interest of justice," transfer the case to the district in which it could have been brought); see Costlow, 790 F.2d at 1488.

Huot I, 2016 WL4770040, at *2.

This court finds that analysis of its sister court in Oregon to be instructive. Accordingly, the reasons articulated by the district court for the District of Oregon, this court concludes that it lacks subject matter over Huot's claims and that venue in the District of North Dakota is otherwise improper.

## IV. CONCLUSION

Huot's Complaint (Doc. No. 4) is **DISMISSED** without prejudice. Huot's Motion to Appoint Counsel (Doc. No. 6) and Motion to Set Aside Adoption and Reinstate Full Parental Rights (Doc. No. 7) are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Dated this 31st day of July, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court